<u>FOR PUBLICATION</u>

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                  :        Chapter 7

In re:                                              :

                                               :        Case No. 18-37081 (CGM)

        MARK REA,                             :

                                             :

                           Debtor.       :

                                             :

------------------------------------------------------------X

        ERIN FULLER,                       :

                                             :

                         Plaintiff.    :        Adv. Pro. 19-09009 (CGM)

-vs-                                              :

        MARK REA,                             :

                                             :

                         Defendant.   :

                                             :

------------------------------------------------------------X

## MEMORANDUM DECISION GRANTING SUMMARY JUDGMENT AND FINDING THE EMPLOYMENT DISCRIMINATION JUDGMENT NON-DISCHARGEABLE UNDER § 523(A)(6) FOR "WILLFUL AND MALICIOUS INJURY"

**A P P E A R A N C E S :**

BERGSTEIN & ULLRICH, LLP
Stephen Bergstein
5 Paradies Lane
New Paltz, New York 12561
(845) 469-1277
*Attorney for Plaintiff, Erin Fuller*

ORSECK LAW OFFICES PLLC
Gerald O. Orseck
P.O. Box 469
Liberty, New York 12754
(845) 292-5800
*Attorney for Defendant, Mark Rea*

**CECELIA G. MORRIS**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

Erin Fuller ("Plaintiff") brings this adversary proceeding against Mark Rea ("Defendant" or "Debtor") to have Plaintiff's gender and disability discrimination judgment and damages in the amount of $30,000.00 for pain and suffering and $14,560.00 in lost wages excepted from discharge as a willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6). This Court holds that the debt resulting from the state court judgment for employment discrimination against Defendant is excepted from discharge under § 523(a)(6), as it was incurred as the result of the Debtor willfully and maliciously causing injury to Plaintiff.

## Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and the Standing Order of Reference signed by Chief Judge Loretta A. Preska dated January 31, 2012. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

## Background

In October 2010, following the termination of her employment, Plaintiff, a transgender woman, filed a charge with the New York State Division of Human Rights ("NYSDHR") against her former employer, Advanced Recovery and its President and Chief Operating Officer, Defendant. *Fuller v. Advanced Recovery, Inc.*, No. 10144572, slip op. at ¶ 3 (N.Y. Div. Human Rights Apr. 14, 2015), *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. 659, 661 (N.Y. App. Div. 2018). Plaintiff alleged that her termination was discriminatory against her on the basis of gender and disability. *Id.* at 1.

The NYSDHR found probable cause for gender and disability discrimination, and public hearings were held before an Administrative Law judge ("ALJ") in December 2013 and February 2014. *Id.* at 2. The ALJ ultimately recommended that the NYSDHR commissioner find Plaintiff was, in fact, discriminated against based on gender and disability by Advanced Recovery and Defendant under New York State Human Rights Law ("NYSHRL") § 296(1)(a). N.Y. Exec. Law § 296(1)(a) (Consol. 2019), *Fuller v. Advanced Recovery, Inc.*, No. 10144572, slip op. at *15-16, *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 659. In April 2015, the NYSDHR commissioner adopted the recommendations of the ALJ in their entirety and ordered the Defendant pay damages for lost wages in the amount of $14,560.00 and pain and suffering in the amount of $30,000.00. *Id.* at 20, 1. The ALJ also imposed a civil penalty in the amount of $20,000.00, stating that the Defendant's "decision to terminate [Plaintiff's] employment was direct and deliberate, and it resulted in humiliation." *Id.* at 22.

The employer and Defendant challenged the decision and the case was transferred to the New York State Appellate Division ("Appellate Division"). In June 2018, the Appellate Division affirmed the factual and legal conclusions found by the ALJ and adopted by the NYSDHR, stating that the evidence in the record established a *prima facie* case of discrimination. *Id.* at 16. The Appellate Division also dismissed the Defendant's proffered alternative reasons for terminating Plaintiff's employment, calling them a "pretext for unlawful discrimination." *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 661.

On December 17, 2018, Defendant filed for chapter 7 and named Plaintiff as one of his creditors. *See In re Rea*, Case No. 18-37081(CGM) (Bankr. S.D.N.Y. filed Dec. 17, 2018). Upon notification of Defendant's bankruptcy, Plaintiff filed this adversary proceeding and now seeks to have her judgment excepted from Defendant's chapter 7 discharge pursuant to § 523(a)(6) of

the Bankruptcy Code. Compl., ECF No. 1.[1] Plaintiff now moves for summary judgment. Mot. Summ. J., ECF No. 8.

## Motion for Summary Judgment

The matter presently before the Court is the motion for summary judgment filed by Plaintiff to except her claim against Defendant from chapter 7 discharge. *Id.* Plaintiff argues that she is entitled to summary judgment on her claim that the debt owed to her is not dischargeable as her termination was willful and malicious pursuant to § 523(a)(6) of the Bankruptcy Code. Mem. Supp. Summ. J. at 16, ECF No. 13. Plaintiff argues that the findings of fact, opinion, and order of the ALJ, adopted by the NYSDHR, and affirmed by the Appellate Division show as a matter of law that Defendant's termination of Plaintiff was willful and malicious. *Id.* at 13. Plaintiff contends that the matters at issue here are entitled to collateral estoppel effect and may not be re-litigated in this Court. *Id.* at 9.

In opposition, Defendant argues that the court must engage in "careful inquiry" when determining whether the application of collateral estoppel is appropriate in dischargeability actions. Def.'s Mem. Opp'n. Summ. J. at 6, ECF. No. 16. Defendant contends that even if collateral estoppel is applied, the record only shows that Plaintiff's termination constituted unlawful discrimination rather than a "willful and malicious" injury. *Id.* at 7. Defendant argues that "careful inquiry" of the evidence will reveal the absence of willfulness and malice. *Id.* at 9. Defendant points to three cases recently granted certiorari by the Supreme Court, *Altitude Express v. Zarda*, *Bostock v. Clayton County, GA,* and *R.G. & G.R. Harris Funeral Homes v. Equal Employment Opportunity Commission*, in arguing that a split among circuits regarding whether termination due to transgender status constitutes a civil rights violation may negate

---

[1] All references to the ECF without an accompanying case refer to the docket of this adversary proceeding (19-09009).

malice in such a termination.[2] Sur-Reply to Mot., ECF No. 21. Defendant also argues that the
language of the statute that empowers the ALJ to impose higher fines when there is an explicit
finding of malice is proof that malice did not exist in the instant case. Sur-Reply to Mot., ECF
No. 24.

The Court must determine whether Defendant's discriminatory termination of Plaintiff
was "willful and malicious" for the purposes of dischargeability under 11 U.S.C §523(a)(6) and
whether Defendant is collaterally estopped from challenging the factual and legal findings
adopted by the NYSDHR in imposing liability under New York law.

## Discussion

### I.    Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
Civ. P. 56(a). The Court's role in deciding summary judgment is to determine whether any issues
of material fact exist, not to resolve issues of fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317,
323 (1986). While the moving party has the initial burden of establishing the absence of issues of
material fact, the non-moving party is permitted to "oppose the motion for summary judgment
with evidence that is admissible at trial" and the court is to "resolve[] all ambiguities and draw[]
all permissible factual inferences against the movant." *Basile v. Spagnola* (*In re Spagnola*), 473
B.R. 518, 521 (Bankr. S.D.N.Y. 2012) (*citing Jacobowitz v. Cadle Co.* (*In re Jacobowitz*), 309
B.R. 429, 435 (Bankr. S.D.N.Y. 2004)). For dischargeability exceptions, Plaintiff must show by

---

[2] The United States Supreme Court cases cited by Defendant are set to be heard in October of 2019 and all question
whether the prohibition in Title VII of the Civil Rights act of 1964 against employment discrimination "because of
. . . sex" encompasses discrimination based on an individual's sexual orientation. *See* Petition for Writ of Certiorari,
*Altitude Express v. Zarda*, No. 17-1623 (U.S. filed May 29, 2018), Petition for Writ of Certiorari, *Bostock v. Clayton
County, Georgia*, No. 17-1618 (U.S. filed May 25, 2018), Petition for Writ of Certiorari, *R.G. & G.R. Harris
Funeral Homes Inc. v. Equal Employment Opportunity Commission*, No. 18-107 (U.S. filed July 20, 2018). *R.G. &
G.R. Harris Funeral* Homes further asks whether "sex" meant "gender identity" and includes "transgender status."
Petition for Writ of Certiorari, *R.G. & G.R. Harris Funeral Homes Inc.,* No. 18-107.

a preponderance of the evidence that she is entitled to relief. *Grogan v. Garner*, 498 U.S. 279, 287 (1991).

### A. Exceptions to Discharge

Section 523 of the Bankruptcy Code governs exceptions to discharge and provides, in relevant part, "[a] discharge . . . does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C § 523(a)(6). While the court must separately examine whether Defendant caused the injury "willfully" and "maliciously," the finding of malice informs whether the intentional act of termination was performed for the purposes of causing injury. *Rocco v. Goldberg (In re Goldberg)*, 487 B.R. 112, 127 (Bankr. E.D.N.Y. 2013) (requiring an unlawful discriminatory animus to act as a nexus between deliberate discrimination and the intent to cause injury).

### B. Collateral Estoppel

It is well established that evoking the doctrine of collateral estoppel, also known as issue preclusion, is within the powers of the bankruptcy court and may apply to dischargeability actions. *Grogan v. Garner*, 498 U.S. 279, 284 (1991). In determining whether that state court judgment has a preclusive effect in a federal proceeding, federal courts turn to state preclusion laws. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) (stating that "a federal court must give to a state-court judgement the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."); *see also Allen v. McCurry*, 449 U.S. 90, 96 (1980) (stating that "though federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to

give preclusive effect to state-court judgements whenever the courts of the State from which the judgments emerged would do so[.]").

In New York, courts employ a two-part test: 1) "a party is estopped from relitigating an issue when that issue was necessary to the resolution of the prior action" and 2) "the party against who estoppel is involved had a full and fair opportunity to contest that issue in the previous litigation." *PenneCom B.V. v. Merill Lynch & Co.*, 372 F.3d 488, 491 (2d Cir. 2004); *see Metromedia Co. v. Fugazy*, 983 F.2d 350, 355 (2d Cir. 1992) (stating "collateral estoppel bars a party from relitigating in a second proceeding an issue of fact or law that was litigated and actually decided in a prior proceeding, if that party had a full and fair opportunity to litigate the issue in the prior proceeding and the decision of the issue was necessary to support a valid and final judgment on the merits."); s*ee also Rocco v. Goldberg* (*In re Goldberg*), 487 B.R. 112, 121 (Bankr. E.D.N.Y. 2013); *Giaimo v. Detrano* (*In re Detrano*), 266 B.R. 282, 291 (Bankr. E.D.N.Y. 2001). This test provides the "careful inquiry" regarding the invocation of collateral estoppel in dischargeability matters required by the Supreme Court in *Brown v. Felsen*, 442 U.S. 127, 132 (1979).

## II.    Defendant's Actions in Terminating Plaintiff Were Willful

The Supreme Court held in *Kawaauhau v. Geiger* that "willful" for the purposes of § 523(a)(6) is defined as "a deliberate and intentional injury, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). The term "willful" necessarily modifies "injury" in that an "injury" under § 523(a)(6) of the Bankruptcy Code must be one that was "intended to cause the injury—not merely perform the act which caused it." *Id.* at 62. The Court in *Geiger* opined, "[h]ad Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead 'willful acts that cause injury.'

Or, Congress might have selected an addition word or words, i.e., 'reckless' or 'negligent' to modify 'injury.'" *Id.* at 61. Showing a "conscious act that resulted in an injury" does not satisfy the requirement of "willful" under § 523(a)(6) of the Bankruptcy Code.

A showing of intent is not required for the NYSDHR to find that unlawful discrimination has taken place, but courts have found that intent is "clearly implicit in the determination." *Rocco v. Goldberg (In re Goldberg)*, 487 B.R. at 127. The Supreme Court explicitly stated "[f]or disparate treatment claims—and others for which discriminatory intent is required—that means the plaintiff must demonstrate *deliberate discrimination.*" *Lewis v. City of Chicago, Ill.*, 560 U.S. 205, 206 (2010) (emphasis added).

Plaintiff argues that because the Appellate Division affirmed that Defendant intentionally discriminated against Plaintiff in terminating her, that it "necessarily follows that such intent was for the purpose of causing injury" as held in *Goldberg. Goldberg* (*In re Goldberg*), 487 B.R. at 128, Pl.'s Mem. Supp. Summ. J., at 12.

Defendant argues that this case involves "only termination of Plaintiff's job which constituted an unlawful discrimination" and makes no further argument that Defendant did not intend to cause the injury. Def.'s Mem. Opp'n. Summ. J., at 7. This Court can only infer that the Defendant's attempt to negate malice is also intended to show that despite causing injury, Defendant would not have intended to cause injury because he had been sympathetic and supportive in the past. *Infra* at 18. This notion is without merit and not grounded in common law.

### A.  The Issue of Willfulness is Collaterally Estopped from Being Relitigated

The Court must begin its analysis by determining whether Defendant is collaterally estopped from challenging the legal and factual findings affirmed by the Appellate Division on the issue of willfulness. The Court does so by employing New York state's aforementioned two-

part test: 1) necessary to the resolution of the prior action and 2) full and fair opportunity to litigate.

    **1.  *The Judgment Under NYSHRL § 296(1)(a) was Necessary to the Resolution of the Prior Action Because it was Predicated Upon Material and Necessary Factual Findings That Are Sufficient to Support a Finding of "Willful Injury"***

In order for collateral estoppel to apply for dischargeability purposes, the Court must assess "whether the state court findings were necessary to support the judgment." *Goldberg* (*In re Goldberg*), 487 B.R. at 122. To do this, the moving party must "identify[] the precise issues litigated in the prior action and establish[] a record sufficient to reveal the controlling facts." *Benton v. Hyman* (*In re Hyman*), 335 B.R. 32, 37 (Bankr. S.D.N.Y. 2005). To that end, the Court must find that the judgment under NYSHRL §296(1)(a) is "predicated upon material and necessary factual findings that would be sufficient to support a finding of 'willful' injury under § 523(a)(6) of the Bankruptcy Code." *Goldberg* (*In re Goldberg*), 487 B.R. at 123.

Here, the ALJ's finding of discrimination, adopted in its entirety by the NYSDHR, and affirmed by the Appellate Division is grounded in the finding that Defendant terminated Plaintiff during a meeting that was held a few hours after Defendant received notice of Plaintiff's legal name change. *Fuller v. Advanced Recovery, Inc.*, No. 10144572, slip op. at ¶ 48, *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 661.  The ALJ further concluded that during the meeting in which Plaintiff was terminated, Defendant told Plaintiff, "[n]ow I have a problem with your condition. I have to let you go." *Id.* at ¶ 48 (emphasis added).  Based on these facts, this Court holds that Plaintiff's termination was intentionally discriminatory and motivated by unlawful discriminatory animus, the animus here being Defendant's exclaimed and exhibited "problem with [Plaintiff's] condition."

The ALJ went on to state that Defendant's "decision to terminate [Plaintiff's] employment was direct and deliberate." *Fuller v. Advanced Recovery, Inc.*, No. 10144572, slip op. at 22 (N.Y. Div. Human Rights Apr. 14, 2015), *aff'd, Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. 659, 661 (N.Y. App. Div. 2018) (emphasis added). The court in *Goldberg* held "where an employer's deliberate conduct is found to constitute unlawful discrimination against an individual employee, it necessarily follows that such intent was for the purpose of causing injury." *Goldberg* (*In re Goldberg*), 487 B.R. at 127. The court also warned that "findings of discrimination" do not "*per se* satisfy the 'willfulness' requirement" and that the court must look to the undisputed factual findings in support of the discrimination judgment to determine whether the unlawful discriminatory animus exists within the deliberate discrimination. *Id.* (finding that willfulness existed where the unlawful discriminatory animus was clear in various employer actions such as: giving less desirable work assignments and less client contact following Plaintiff's second pregnancy; revoking Plaintiff's cell phone, company credit card, and company car during her third pregnancy; and being fired upon returning from maternity leave).

The findings of discrimination by the NYSDHR establish that Defendant was motivated by discriminatory factors and deliberately caused the adverse employment action, thus, were predicated upon material and necessary factual findings that is sufficient to support a finding of "willful injury."

Even if the ALJ had not so found, this Court held in *Spagnola* that "exposure to unwelcome sexual conduct is the injury that a sexual harassment victim suffers and that a judgment finding an individual intentionally caused that injury is enough to meet the prong of willfulness under § 523(a)(6)." *Basile v. Spagnola* (*In re Spagnola*), 473 B.R. 518, 523 (Bankr. S.D.N.Y. 2012). This Court now holds that discriminatory termination is the injury Plaintiff

suffered and that a judgment finding a Defendant intentionally caused that injury, particularly

when an unlawful discriminatory animus is apparent, is enough to meet the prong of willfulness

under § 523(a)(6) of the Bankruptcy Code.

### 2) *Defendant Had a Full and Fair Opportunity to Litigate*

The "full and fair opportunity to litigate" requirement for an issue to be precluded by

collateral estoppel cannot be resolved simply by finding that "the party against whom the

determination is asserted was accorded due process in the prior proceeding." *Bd. of Educ. v. N.Y.*

*State Div. of Human Rights*, 106 A.D.2d 364, 365 (N.Y. App. Div. 1984). The Court must

practically assess various aspects of the prior litigation to determine whether the party has "had

his day in court." *Id*. Typically, courts have looked to 1) the level of participation in the prior

litigation and 2) the nature of the record. 4 *Collier on Bankruptcy* ¶ 523.06 (Matthew Bender &

Co., Inc. eds.,16th ed. 2011).

### a. *Defendant's Participation in the Prior Proceeding was Significant*

New York State courts use specific factors when deciding to invoke collateral estoppel in

order to determine "whether the first action or proceeding genuinely provided a full and fair

opportunity" which include but are not limited to: 1) the nature of the forum, 2) importance of

the claim, 3) the incentive and initiative to litigate, and 4) the actual extent of the litigation.[3]

*Ryan v. New York Tel. Co.*, 62 N.E.2d 494, 501 (N.Y. 1984). When collaterally estopping

administrative determinations, "the burden rests upon the proponent of collateral estoped to

demonstrate the identicality and decisiveness of the issue, while the burden rests upon the

---

[3] Courts typically find sufficient participation when the debtor participates in the prior action even minorly—only refusing to find the level of participation unacceptable when default judgments are entered against debtors. *In re Raynor*, 922 F.2d 1146, 1149 (4th Cir. 1991) (disallowing collateral estoppel where debtor did not actually litigate fraud issue, even when he participated in other stages), *Spilman v. Harley*, 656 F.2d 224, 228 (6th Cir. 1981) (holding that collateral estoppel should not be applied to default judgments), 4 *Collier on Bankruptcy* ¶ 523.06 (Matthew Bender & Co., Inc. eds.,16th ed. 2011).

opponent to establish the absence of a full and fair opportunity to litigate the issues in [the] prior action or proceeding." *Id.*

It is undisputed that Defendant was a named respondent in the proceeding, was represented by counsel in the original hearing as well as the appeal, testified at the hearing, and submitted post-hearing briefs. *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. 659 (N.Y. App. Div. 2018); *compare* Pl.'s Mem. Supp. Summ. J., at 10 *with* Def.'s Mem. Opp'n. Summ. J., at 6-7 (claiming only that collateral estopped should not be invoked because intent to cause injury and actual malice were not expressly mentioned in litigation). Defendant has not argued to any extent that Defendant's participation was not sufficient, he only contends that willfulness was not "actually litigated." Def.'s Mem. Opp'n. Summ. J., at 6-7.

The forum, though through an administrative court, was a trial. The importance of the claim and the incentive and initiative to litigate is exhibited by Debtor's hiring of attorneys to represent him in the trial. The entire administrative process shows extensive litigation, and, in this case, the record reflects full and diligent participation of Defendant in the prior litigation.

     *b.  The Record of the Prior Action is Robust*

Courts tend to invoke collateral estoppel in cases where the record of the prior action allows them to follow the prior court's decision-making. When courts can follow the prior decision-making, they are more capable of determining whether the issues at hand were actually litigated. *Beard Research, Inc. v Kates* (*In re Kates*), 485 B.R. 86, 102 (Bankr. E.D. Pa. 2012) (citing cases), 4 *Collier on Bankruptcy* ¶ 523.06 (Matthew Bender & Co., Inc. eds.,16th ed. 2011). Even when courts are forced to reconstruct the reasoning behind a prior court's decision, collateral estoppel is available if reconstruction is successful and the elements of the originally litigated claim and the dischargeability action are identical. *Id.* When reconstruction is not

successful, courts are forced to reject collateral estoppel as such failure leaves no issue

conclusions available for estoppel. *See Id.*

Here, the Appellate Division affirmed the NYSDHR's order in its entirety which includes

explicit findings of fact. *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 661. With regard to

the nature of the record, it is not necessary for this Court to reconstruct any reasoning for the

state court's decision as the reasoning has been explicitly stated by the ALJ, adopted by the

NYSDHR, and affirmed by the Appellate Division. *See generally Fuller v. Advanced Recovery,*

*Inc.*, No. 10144572, slip op. at 22 (N.Y. Div. Human Rights Apr. 14, 2015), *aff'd*, *Advanced*

*Recovery, Inc. v. Fuller*, 162 A.D.3d. 659, 661 (N.Y. App. Div. 2018).

A finding of "willfulness" was necessary to the resolution of the prior action as the

judgment was predicated upon material and necessary factual findings that are be sufficient to

support a finding of "willful injury." Debtor had a full and fair opportunity to litigate the issue of

willfulness as his participation in the prior action was extensive and the record outlining the

reason for the ALJ determination is robust. As such, Debtor is collaterally estopped from re-

litigating the issue of willfulness and this Court holds that Debtor acted willfully when

discriminatorily terminating Plaintiff.

### III.    Defendant's Actions in Terminating Plaintiff Were Malicious

For the purposes of a § 523(a)(6) claim, "malicious" means "wrongful and without just

cause or excuse, even in the absence of hatred, spite, or ill-will." *Ball v. A.O. Smith Corp.*, 451

F.3d 66, 70 (2d Cir. 2006) (*quoting Navistar Fin. Corp. v. Stelluti* (*In re Stelluti*), 94 F.3d 84, 87

(2d Cir. 1996)), *Goldberg (In re Goldberg)*, 487 B.R. at 122. "Malice may be constructive or

implied . . . implied malice may be demonstrated by 'the acts and conduct of the debtor in the

context of [the] surrounding circumstances.'" *Stelluti*, 94 F.3d 88, 88 (*quoting First Nat'l Bank*

*of Maryland v. Stanley* (*In re Stanley*), 66 F.3d 664, 668 (4th Cir. 1995)). Malice can also be

implied by a finding of deliberate discrimination. In *Goldberg*, the court held:

> in a case involving overt acts that constitute intentional
> discrimination, it defies rationality to suggest that the Debtor's
> conduct was objectively benign… It would defy logic to find that
> an overt act constituting disparate treatment discrimination, that is,
> discrimination aimed at an individual, could occur absent a
> malicious intent to harm… to hold otherwise would sanction the
> view that there exists some 'just cause or excuse' for
> discrimination.

487 B.R. at 129. Joining in the recognition of the inherently malicious nature of certain acts, this

Court held in *Spagnola* that acts that are "so morally reprehensible and degrading to one's

personal dignity that the [actor's] conduct cannot possibly be considered anything other than

'wrongful and without just cause or excuse.'" *Basile v. Spagnola* (*In re Spagnola*), 473 B.R. 518,

524 (Bankr. S.D.N.Y. 2012) (*quoting Ball*, 451 F.3d at 69). The presence of malice is also

informed by the imposition of sanctions or civil penalties. N.Y. Exec. Law § 297(4)(c)(vi)

(Consol. 2019) (allowing courts to impose penalties where defendant was found to commit "an

unlawful discriminatory act which is found to be unlawful, wanton, or malicious"), *Ball*, 451

F.3d at 70 (affirming a finding of malice using a lower court's decision to award sanctions).

Plaintiff contends that Defendant intentionally discriminated against Plaintiff and that the

intentional discrimination necessarily implies malice. Pl.'s Mem. Supp. Summ. J., at 14. Plaintiff

also argues that Defendant's statements and behavior both during and leading up to Plaintiff's

termination show "consciousness of wrongdoing." *Id*. at 15. Plaintiff points out that the findings

of fact adopted by the NYSDHR and affirmed by the Appellate Division show that leading up to

her termination, Plaintiff was continuously asked to dress like a man and was told, following her

termination, that if she dressed like a man she would be allowed to return to work. *Fuller v.*

*Advanced Recovery, Inc.*, No. 10144572, slip op. at ¶¶ 31, 61 (N.Y. Div. Human Rights Apr. 14,

2015), *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. 659, 661 (N.Y. App. Div. 2018).

Plaintiff highlights that she was terminated on the same day that she informed Defendant of her

formal name change. Moreover, after receiving the letter from Plaintiff's doctor warning of the

potential danger of treating Plaintiff "as anything other than female," Defendant continued to

issue paychecks in, and refer to Plaintiff as, Plaintiff's male name. Pl.'s Mem. Supp. Summ. J., at

15.

Defendant argues that a finding of malice was never explicitly shown, the term

"malicious" was never used in the record, and that maliciousness cannot be inferred from the

record. Def.'s Mem. Opp'n. Summ. J., at 9. Defendant further claims that the only inference that

can be made regarding malice is that Defendant acted *without* malice as he was sympathetic and

supportive in various ways including: offering to help Plaintiff receive unemployment benefits (¶

50), giving Plaintiff a raise (¶ 10) and a cash advance (¶ 41), and offering Plaintiff her job back

as long as she wore male clothing (¶ 61). *Fuller v. Advanced Recovery, Inc.*, No. 10144572, slip

op., *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 661, Def.'s Mem. Opp'n. Summ. J.,

at 8. Defendant contends that because the ALJ imposed a civil penalty less than what is

permitted for explicit findings of "willful, wanton, or malicious" discriminatory acts, malice

must not have existed. Defendant also argues that a split among the circuits regarding whether

transgendered people belong to a protected class for purposes of the Civil Rights Act may negate

malice.

The Court considers these arguments below.

## A.  The Issue of Malice is Collaterally Estopped from Being Relitigated

The Court must begin its analysis by determining whether Defendant is collaterally estopped

from challenging that legal and factual findings affirmed by the Appellate Division for the issue

of malice. The Court does so by again employing New York state's two-part test: 1) necessary to

the resolution of the prior action and 2) full and fair opportunity to litigate.

>    **1.  The Judgment Under NYSHRL § 296(1)(a) was Necessary to the Resolution of the Prior Action Because it was Predicated Upon Material and Necessary Factual Findings That ARE Sufficient to Support a Finding of "Malice"**

As done for the prong of willfulness, the Court must either find that that the judgment

under NYSHRL §296(1)(a) is "predicated upon material and necessary factual findings that

would be sufficient to support a finding of 'malicious' injury under § 523(a)(6) of the

Bankruptcy Code." *Goldberg* (*In re Goldberg*), 487 B.R. at 123.  Here, the findings of fact,

opinion, and order of the ALJ, adopted in their entirety by the NYSDHR, and affirmed by the

Appellate Division indicates Defendant acted maliciously as the opinion explicitly states that

Defendant's "decision to terminate [Plaintiff's] employment was *direct and deliberate*." *Fuller v.*

*Advanced Recovery, Inc.*, No. 10144572, slip op. at 22, *aff'd*, *Advanced Recovery, Inc. v. Fuller*,

162 A.D.3d. at 661. The NYSDHR found that Defendant's "problem with [Plaintiff's] condition"

motivated Plaintiff's termination, that Plaintiff's name was never changed on her pay stub

despite a court order to that effect being provided, and that Plaintiff was repeatedly told that she

may have her job back if she wore men's clothing. *Fuller v. Advanced Recovery, Inc.*, No.

10144572, slip op. at ¶¶ 31, 61, *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 661.

Defendant's incredulous assertion that his sympathetic and supportive behavior shows an

absence of malice is not supported by the record of the ALJ, which found that Defendant had

acted with unlawful discriminatory animus.

These findings of acts and conduct of the Debtor in the context of the surrounding

circumstances also support a finding of malice. The ALJ, though choosing to impose a civil

penalty less than what is allowed for discriminatory acts explicitly found to be "willful, wanton,

or malicious," imposed a civil penalty. This Court finds malice implied by the state court finding

of deliberate discrimination as done in *Goldberg* and *Spagnola*, the acts and conduct of

Defendant in the context of the surrounding circumstances, and the imposition of a civil penalty.

As such, the judgment of the ALJ, adopted by the NYSDHR, and affirmed by the Appellate

Division is predicated upon material and necessary factual findings that are sufficient to support

a finding of "malice."

      As for Defendant's assertions that the amount of the civil penalty proves the absence of

malice, the language of New York Executive Law § 297(4)(c)(vi) provides, in relevant part:

> Within one hundred eighty days after the commencement of such
> hearing, a determination shall be made and an order served as
> hereinafter provided. If, upon all the evidence at the hearing, the
> commissioner shall find that a respondent has engaged in any
> unlawful discriminatory practice as defined in this article, the
> commissioner shall state findings of fact and shall issue and cause
> to be served on such respondent an order, based on such findings
> and setting them forth, and including such of the following
> provisions as in the judgment of the division will effectuate the
> purposes of this article: … (vi) assessing civil fines and penalties,
> in an amount **not to exceed** fifty thousand dollars, to be paid to the
> state by a respondent found to have committed an unlawful
> discriminatory act, or **not to exceed** one hundred thousand dollars
> to be paid to the state by a respondent found to have committed an
> unlawful discriminatory act which is found to be willful, wanton or
> malicious[.]

N.Y. Exec. Law § 297(4)(c)(vi) (Consol. 2019) (emphasis added). In his introduction to the

recommended civil penalty, the ALJ cited additional factors he is implored to consider for the

appropriate civil penalty amount: "the goal of deterrence, the nature and circumstances of the

violation, any relevant history of [Defendant's] actions, [Defendant's] financial resources, and

other matters as justice may require." *Fuller v. Advanced Recovery, Inc.*, No. 10144572, slip op.

at 22, *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 661. The ALJ does not provide a

broken-down explanation of his calculation. One cannot infer that the dollar amount of the civil

penalty unequivocally *disproves* malice as much as one cannot be infer that it unequivocally *proves* malice. The civil penalty does, however, act as a persuasive basis for malice implicit in the "direct and deliberate" discrimination found by the ALJ as this phrase is within the paragraph assigning a civil penalty. *Fuller v. Advanced Recovery, Inc.*, No. 10144572, slip op. at 22, *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 661.

### i.   Matters Before the United States Supreme Court

Defendant's contention that a dispute among circuits as to whether "termination of employment because of transgender status constitutes a Civil Rights violation, such disagreement would tend to negate that such termination was malicious" is without merit. Sur-Reply to Mot., ECF No. 24. Though unclear in the Sur-Reply itself, Defendant is referring to the common law discussed above which finds malice implicit in a determination of deliberate discrimination. Defendant argues that if a transgendered person does not belong to a protected class then there is no deliberate discrimination for malice to be inferred from.

In rendering its judgment, the ALJ found that: Plaintiff was transgender, her gender dysmorphia constituted a disability, and she was deliberately discriminated against on the basis of disability. *Fuller v. Advanced Recovery, Inc.*, No. 10144572, slip op. at 22, *aff'd*, *Advanced Recovery, Inc. v. Fuller*, 162 A.D.3d. at 661. *Id.* This Court has found that implied malice existed by Defendant's deliberate discrimination. *See supra* p. 18-19. Implied malice was also found based on the surrounding circumstances as well as by virtue of the civil penalty imposed upon Defendant. *Id.*  A ruling by the Supreme Court that transgendered persons are not members of a protected class for the purposes of Title VII of the Civil Rights Act would not change the finding of malice in the instant case. The judgment subject to exception to discharge is a state court judgment, executing New York State Human Rights law, not federal Civil Rights laws. The New

York Supreme Court has found that gender identity disorder is a disability under New York State Human Rights Law. *Doe v. Bell* 194 Misc.2d 774, 778 (N.Y. Sup. Ct. 2003). The bankruptcy court must give full faith and credit to valid state court judgments. U.S. Const. art. IV §1; 28 U.S.C. §1738.

In the event that the Supreme Court of the United States decides that transgendered individuals are not members of a protected class for the purposes of Title VII of the Civil Rights Act,[4] Plaintiff would still belong to a protected class for the purposes of New York State Human Rights Law and her state court judgment would still be valid. As this Court is required to give full faith and credit to state court judgments, Defendant's actions against the Plaintiff would still be considered "malicious" for dischargeability purposes.

### 2.  Defendant Had a Full and Fair Opportunity to Litigate

This Court made a determination regarding Debtor's full and fair opportunity to litigate with regard to the "willfulness" prong of the § 523(a)(6) exception to discharge and that determination remains applicable for maliciousness. Defendant sufficiently participated in the prior litigation and the record of the prior litigation is robust.

Determining "malice" was necessary to the resolution of the prior action as the judgment was predicated upon material and necessary factual findings that are be sufficient to support a finding of "maliciousness" Debtor had a full and fair opportunity to litigate the issue of malice as his participation in the prior action was extensive and the record outlining the reason for the ALJ determination is robust. As such, Debtor is collaterally estopped from re-litigating the issue of malice and this Court holds that Debtor acted maliciously when discriminatorily terminating Plaintiff.

---

[4] See supra note 2 for the citation to the cases currently pending before the Supreme Court.

## <u>Conclusion</u>

The findings of fact, opinion, and order of the ALJ, adopted by the NYSDHR, and affirmed by the Appellate Division are entitled to preclusive effect because the non-movant had a full and fair opportunity to litigate the issues, and those issues litigated were necessary to the resolution of the state court action. The Defendant is collaterally estopped from re-litigating those findings. This Court finds that Defendant's actions were willful and malicious, and Plaintiff's claim must be excepted from discharge pursuant to § 523(a)(6) of the Bankruptcy Code.

For the foregoing reasons, the Court holds that Plaintiff is entitled to relief under § 523(a)(6) for willful and malicious injury" by the Defendant. The Plaintiff shall submit an order consistent with this Memorandum Decision.



**/s/ Cecelia G. Morris**

**Dated: July 29, 2019**
      **Poughkeepsie, New York**
      **_____**
      **Hon. Cecelia G. Morris**
      **Chief U.S. Bankruptcy Judge**